IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCIT OF KANSAS

| | | |
|---|---|---|
| LONE STAR STEAKHOUSE AND SALOON, INC., a Delaware Corporation, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-1249-WEB |
| ACACIA TECHNOLOGIES GROUP; and FINANCIAL SYSTEMS INNOVATION LLC, an Illinois Limited Liability Company, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Lone Star Steakhouse and Saloon, Inc. ("Lone Star") files this Complaint for Declaratory Judgment against the Defendants Acacia Technologies Group ("Acacia") and Financial Systems Innovation, LLC ("FSI"), collectively "Defendants." For its Complaint, Plaintiff Lone Star alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory judgment of patent invalidity and non-infringement which arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the United States Patent Laws (35 U.S.C. § 1, *et seq.*). This is also an action for violations of antitrust law under Section 2 of the Sherman Act, (15 U.S.C. § 2).

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§§ 1338 and 1331.

3. Venue is proper in this judicial district under 28 U.S.C.§ 1391(b) and (c) as Plaintiff Lone Star maintains its principal place of business in Kansas and the conduct which

Acacia has alleged constitutes an infringement of their patent rights occurs in this judicial district. Further, Acacia has made threats, demands, claims and other assertions of such infringement by directing communications to Plaintiff Lone Star in this judicial district and has offered to grant Plaintiff Lone Star a license to practice the patent in this district.

## THE PARTIES

4. Plaintiff Lone Star is a Delaware Corporation with its principal place of business at 224 E. Douglas, Suite 700, Wichita, Kansas, 67202. Plaintiff Lone Star owns and operates numerous restaurants throughout the United States, including Kansas. Plaintiff Lone Star restaurants employ various systems to conduct electronic payment transactions.

5. Upon information and belief, Defendant Acacia has a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California, 92660. Upon information and belief, Defendant FSI is an Illinois limited liability company with its principal place of business at 500 Skokie Boulevard, Suite 585, Northbrook, Illinois, 60062. Upon information and belief, Acacia is engaged in the business of purchasing patents awarded to other people and then leveraging these patents against individuals and entities for money. Upon information and belief, neither Acacia or FSI have ever been awarded a patent from the United States Patent and Trademark Office.

## FACTS

6. Upon information and belief, the United States Patent and Trademark Office issued United States Patent No. 4,707,592, entitled "Personal Universal Identity Card System for Failsafe Interactive Financial Transactions" to Paul N. Ware on November 7, 1987. A true and correct copy of the '592 patent is attached as Exhibit "A." Upon information and belief, Defendant FSI is now the owner and/or the exclusive licensee of the '592 patent. Upon

information and belief, Defendant FSI was purchased by Acacia Technologies Group ("Acacia") in January 2005.

7. On March 15, 2005 and again on June 30, 2005, Acacia wrote to Plaintiff Lone Star alleging that Plaintiff Lone Star's system for handling credit and/or debit card transactions infringes the '592 patent. In the March 15, 2005 letter, attached as Exhibit "B," Acacia offered to license the '592 patent to Plaintiff Lone Star for a one-time royalty payment of $65,000. The March 15, 2005 letter also indicated that, should Acacia be forced to bring litigation against Plaintiff Lone Star to enforce the '592 patent, the royalty amount for any future settlement would be significantly higher than the pre-litigation licensing offer. Both letters from Acacia state that Acacia has been successful in negotiating licenses for the '592 patent with willing retailers and is involved in patent infringement litigation in an attempt to enforce its rights in the '592 patent against other retailers.

8. On June 2, 2005, Plaintiff Lone Star replied to the demand letter sent by Acacia on March 15, 2005 (Exhibit "C"). On July 21, 2005, Plaintiff Lone Star replied to the demand letter sent by Acacia on June 30, 2005. Through its reply letters, Plaintiff Lone Star explained its position that, based on review of the '592 patent, the relevant prior art and the credit/debit card transaction system used by Plaintiff Lone Star, no infringement existed and that the requested license would be unnecessary. In the July 21, 2005 letter from Plaintiff Lone Star to Acacia, counsel for Plaintiff Lone Star suggested that the parties postpone a decision on the licensing issue until a claim construction ruling was made in one of the other pending lawsuits filed by FSI.

9. In response to Plaintiff Lone Star's last reply, Acacia sent an email on July 25, 2005 to counsel for Plaintiff Lone Star indicating that Acacia is not willing to take a "wait and

see" approach. To bolster its point, Acacia attached to its email a courtesy copy of a Complaint filed July 19, 2005 in the United States District Court for the Northern District of Georgia against certain retailers.

10. Defendant Acacia's business is the enforcement and licensing of patents. By its communications and license negotiations with Plaintiff Lone Star and by its other contacts with persons and entities in the State of Kansas, Defendant Acacia is transacting business in the State of Kansas and personal jurisdiction over the Defendant is permitted by KS St. § 60-308(b).

11. Defendant Acacia alleges that the '592 patent covers a system that can protect financial transactions, especially credit card transactions, against potential fraud by creating printed records (receipts) at the point of sale that include only minimal information and exclude the credit card account number, but can be related to the detailed information of the transaction by a unique "transaction number." Defendant Acacia has alleged that the "Check #" printed on the receipts generated by Plaintiff Lone Star's credit/debit card transaction system constitutes the "transaction number" under the '592 patent.

12. Plaintiff Lone Star denies that it has infringed or is infringing the '592 patent in any form, either literally or under the doctrine of equivalents, and either directly or contributorily.

13. As a direct result of Defendant Acacia's threat of pending litigation, Plaintiff Lone Star must face labors daily with the uncertainty and insecurity of a looming threat of costly litigation. Further, as Plaintiff Lone Star continues to use its non-infringing systems, its potential liability increases daily should a court determine otherwise. There is, therefore, an actual controversy between the parties.

**Count I**

Declaratory Judgment of Non-Infringement of United States Utility Patent

14. Plaintiff Lone Star incorporates, repeats and realleges Paragraphs 1-13 of this Complaint as if fully set forth herein.

15. Plaintiff Lone Star's electronic sales transaction systems do not infringe United States Patent No. 4,707,592. Plaintiff Lone Star is therefore entitled to a declaratory judgment of Plaintiff's rights, and specifically, that Plaintiff's implementation and use of its sales transactions systems do not infringe any rights afforded by the '592 patent.

16. United States Patent No. 4,707,592 issued in 1987. The '592 patent was not asserted against Lone Star until 2005. Any claim for infringement brought by Acacia would be barred by laches.

**Count II**

Declaratory Judgment of Patent Invalidity

17. Plaintiff Lone Star incorporates, repeats and realleges Paragraphs 1-16 of this Complaint as if fully set forth herein.

18. Plaintiff Lone Star believes that the '592 patent is invalid and unenforceable for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and 112.

19. Plaintiff Lone Star is entitled to a declaratory judgment of said invalidity.

**Count III**

Violation of Antitrust Law Under the Sherman Act § 2

20. Plaintiff Lone Star incorporates, repeats and realleges Paragraphs 1-19 of this Complaint as if fully set forth herein.

21. Acacia has asserted that Lone Star uses an electronic card reader system that violates the '592 patent.

22. Acacia knows, or has reason to know, that Lone Star does not infringe the '592 patent, and/or that the claims in the '592 patent are invalid and unenforceable.

23. Despite this knowledge, Acacia has continued to threaten Lone Star with patent infringement litigation if Lone Star will not agree to license the '592 patent on the terms set by Acacia.

24. Acacia's consistent threat of patent infringement litigation constitutes a bad faith attempt to enforce the '592 patent against Lone Star. This bad faith attempted enforcement constitutes a violation of federal antitrust law under the Sherman Act, Section 2.

25. As a result of Acacia's anticompetitive conduct, Plaintiff Lone Star has suffered damages to be proven at trial.

WHEREFORE, Plaintiff Lone Star Steakhouse and Saloon, Inc., respectfully requests as follows:

A. That this Court declare that Lone Star has neither infringed or contributorily infringed United States Patent No. 4,707,592;

B. That this Court declare and decree that United States Patent No. 4,707,592 and the claims therein, are invalid, void and unenforceable;

C. That this Court further declare that Lone Star has not and is not violating any rights, of any kind whatsoever, of Acacia under the Patent Act, on the grounds that United States Patent No. 4,707,592 is invalid or that Lone Star's electronic payment transaction systems do not infringe;

D. That this Court direct the Director of Patents and Trademarks to invalidate and cancel, as invalid, United States Patent No. 4,707,592;

E. That this Court grant Plaintiff Lone Star its attorneys' fees, costs and expenses, and that these fees, costs and expenses be trebled; and

F. That this Court grant such other relief as it deems just and proper.

Gary W. Davis, KBA #1194, OBA #2204
Phillip L. Free, Jr., OBA # 15765
David M. Sullivan OBA #18851
-Of the Firm-
Crowe & Dunlevy, P.C.
20 North Broadway
Suite 1800
Oklahoma City, OK 73102
Tel: (405) 235-7700
Fax: (405) 239-6651

-And-

Martin W. Bauer, KBA# 08629
-Of the Firm-
Martin, Pringle, Oliver,
Wallace & Bauer, L.L.P.
100 North Broadway
Suite 500
Wichita, Kansas 67202
(316) 265-9311
(316) 265-2955 FAX

s/Martin W. Bauer
ATTORNEYS FOR PLAINTIFF
LONE STAR STEAKHOUSE &
SALOON, INC.