**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LONE STAR STEAKHOUSE AND SALOON, INC.,<br>Plaintiff,<br><br>v.<br><br>ACACIA TECHNOLOGIES GROUP and FINANCIAL SYSTEMS INNOVATION, LLC,<br><br>Defendants. | CASE NO. 05-1249-WEB |

## DEFENDANT FINANCIAL SYSTEMS INNOVATION, LLC'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND FIRST AMENDED COUNTERCLAIMS

Defendant[1] Financial Systems Innovation, LLC ("Financial Systems") Answers Plaintiff Lone Star Steakhouse and Saloon, Inc.'s ("Lone Star") Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and on that basis denies each and every allegation of paragraph 1 of the Complaint.

2. Defendant admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies each and every remaining allegation of paragraph 2 of the Complaint.

[1] Defendant "Acacia Technologies Group," as named and served, is not a legal entity and Defendant has no understanding of who Plaintiff is trying to name. The proper party regarding infringement and invalidity is Financial Systems Innovation, LLC. To the extent an answer is required on behalf of the non-entity, all allegations in Plaintiff's Complaint directed to "Acacia Technologies Group" are hereby denied.

3. Defendant denies that venue is proper in this judicial district under 28 U.S.C. § 1391(c). Defendant further denies each and every remaining allegation of paragraph 3 of the Complaint.

**THE PARTIES**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and on that basis denies each and every allegation of paragraph 4 of the Complaint.

5. Defendant admits it is a limited liability company, but denies that its principal place of business is at 500 Skokie Boulevard, Suite 585, Northbrook, Illinois, 60062. Defendant further states its principal place of business is located in Newport Beach, California. Defendant admits that it has not been awarded a patent from the United States Patent and Trademark Office. Defendant denies the remaining allegations in paragraph 5.

**FACTS**

6. Defendant admits that on November 7, 1987, the United States Patent and Trademark Office issued U.S. Patent No. 4,707,592 ("the '592 patent"), entitled "Personal Universal Identity Card System for Failsafe Interactive Financial Transactions." Defendant admits that a copy of the '592 patent is attached to Lone Star's Complaint as Exhibit A. Defendant admits that it is now the owner and/or exclusive licensee of the '592 patent. Defendant denies the remaining allegations in paragraph 6.

7. Defendant admits that a letter was sent March 15, 2005. Defendants deny the remaining allegations in paragraph 7.

8. Defendant admits that a letter was sent on June 2, 2005. Defendant denies the remaining allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and on that basis deny each and every allegation of paragraph 12 of the Complaint.

13. Defendant admits an actual controversy between the parties exists. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and on that basis denies each and every remaining allegation of paragraph 13 of the Complaint.

**COUNT I**

14. Defendant incorporates herein by reference paragraphs 1 through 13, as though fully set forth.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

**COUNT II**

17. Defendant incorporates herein by reference paragraphs 1 through 16, as though fully set forth.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and on that basis denies each and every allegation of paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19.

## COUNT III

20. Defendant incorporates herein by reference paragraphs 1 through 19, as though fully set forth.

21. Defendant admits it have asserted that Lone Star infringed the '592 patent. Defendant denies the remaining allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations of Plaintiff's Complaint including, without limitation, the allegations of Paragraphs A through F of Plaintiff's prayer for relief and denies the same.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense or that Financial Services Innovation necessarily bears the burden of persuasion for any of the following, Financial Services Innovation now provides the following defenses:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each claim therein, is barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. The Complaint, and each claim therein, is barred in whole or in part by waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred under the doctrine of laches as Plaintiff has not diligently pursued the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred because the Court lacks personal jurisdiction over one or more Defendants.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred for failure to join one or more indispensible parties.

## FIRST AMENDED COUNTERCLAIMS

## JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Defendant/Counter-Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Defendant/Counter-Plaintiff Financial Systems Innovation, LLC ("Financial Systems") is an Illinois limited liability company with its principal place of business located in Newport Beach, California.

4. Plaintiff/Counter-Defendant Lone Star a Kansas corporation with its principal place of business located in Wichita, Kansas. This Court has personal jurisdiction over Lone Star because Lone Star has committed, acts of infringement in the State of Kansas, has conducted business in the State of Kansas, and/or has engaged in continuous and systematic activities in the State of Kansas.

5. On information and belief, Plaintiff/Counter-Defendant's systems that are alleged herein to infringe were made, used, imported, offered for sale, and/or sold in the District of Kansas.

6. This court has personal jurisdiction over Lone Star because Lone Star has committed acts of infringement in this district; is deemed to reside in this district; does business in this district; and/or has systematic and continuous contacts in this district.

**VENUE**

7. Venue is proper in the District of Kansas a pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Plaintiff/Counter-Defendant is deemed to reside in this district. In addition, and in the alternative, Plaintiff/Counter-Defendant has committed acts of infringement in this district and has regular and established places of business in this district.

**COUNT I**

**INFRINGEMENT OF UNITED STATES PATENT NO. 4,707,592**

8. Defendant/Counter-Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

10. Paul N. Ware is the owner of United States Patent No. 4,707,592 entitled "Personal Universal Identity Card System for Failsafe Interactive Financial Transactions."

11. Defendant/Counter-Plaintiff is the exclusive licensee of the '592 patent with rights to enforce the '592 patent and sue infringers.

12. A copy of the '592 patent, titled "Personal Universal Identity Card System for Failsafe Interactive Financial Transactions," is attached to Lone Star's Complaint as Exhibit A.

13. The '592 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

14. On information and belief, Plaintiff/Counter-Defendant Lone Star has infringed the '592 patent by making, using, importing, offering for sale, and/or selling apparatuses covered by one or more claims of the '592 patent, including, but not limited to, its transaction processing systems that infringe one or more claims of the '592 patent.

15. Defendant/Counter-Plaintiff has written to Plaintiff/Counter-Defendant notifying it of the '592 patent as well as notifying them of the fact that Defendant/Counter-Plaintiff has initiated litigation against other retailers for infringement of the '592 patent. Following this correspondence, on information and belief Plaintiff/Counter-Defendant did not cease and desist their infringing conduct.

16. Prior litigation involving the '592 patent has been initiated in the United States District Court for the Northern District of Georgia, Rome Division, as well as the Northern District of Texas, Forth Worth Division. The named Defendants in each suit have retail stores in the respective Districts.

17. Through litigation and other efforts, Defendant/Counter-Plaintiff has granted over 70 licenses under the '592 patent to date.

18. Plaintiff/Counter-Defendant's infringement is willful.

19. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

20. Defendant/Counter-Plaintiff has complied with 35 U.S.C. § 287.

21. Plaintiff/Counter-Defendant's actions complained of herein have caused irreparable harm and monetary damage to Defendant/Counter-Plaintiff.

**JURY DEMAND**

22. Defendant/Counter-Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counter-Plaintiff asks the Court to:

a) Enter judgment for Defendant/Counter-Plaintiff on its Counterclaims;

b) Award Defendant/Counter-Plaintiff damages resulting from Plaintiff/Counter Defendant's infringement in accordance with 35 U.S.C. § 284;

c) Treble the damages in accordance with the provisions of 35 U.S.C. §284;

d) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

e) Award Defendant/Counter-Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

f) Award Defendant/Counter-Plaintiff pre-judgment and post judgment interest and costs; and

g) Award Defendant/Counter-Plaintiff such further relief to which the Court finds Plaintiffs entitled under law or equity.

DATED: November 2, 2009

Respectfully Submitted,

MOORE MARTIN, L.C.

s/Coy M. Martin
Coy M. Martin, S.C. No. 17104
622 E. Douglas
Wichita, KS 67202
P. (316) 267-6000
F. (316) 267-6001
coy@mooremartin.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on November 2, 2009.

/s/ Coy M. Martin
Coy M. Martin, S.C. No. 17104