IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LONE STAR STEAKHOUSE AND SALOON, INC., a Delaware Corporation<br><br>Plaintiffs<br><br>v.<br><br>ACACIA TECHNOLOGIES GROUP and FINANCIAL SYSTEMS INNOVATION LLC, an Illinois Limited Liability Company<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 05-1249-WEB |

**ANSWER TO COUNTERCLAIM**

Lone Star Steakhouse & Saloon, Inc. ("Lone Star") for its answer to Financial Systems Innovations LLC (Financial Systems)'s Amend Counter Claim, alleges and state as follows:

1. Without waiving any defenses, Lone Star admits the allegations in paragraph 1 solely on the basis of the stated assertions in the Amended Counterclaim.

2. Paragraph 2 is admitted.

3. Lone Star admits Financial Services is an Illinois Limited Liability Company. Lone Star is without sufficient information and belief upon which to answer the remaining allegations asserted in paragraph 3 and accordingly, the balance of the allegations in the paragraph are denied.

4. Lone Star admits the allegations continued in the first sentences of paragraph 4 only as to the time of the original filing as the entity has been restructured as a result of a sale of the company. Lone Star is without sufficient knowledge of Financial Systems claimed license and the claimed Patent's relationship to Lone Star's former operations and

therefore the only allegations of infringement are denied. Lone Star admits it conducted business and continuous and systematic activities in Kansas. The remaining allegations continued in paragraph 4 are denied.

5. Lone Star is without sufficient knowledge or information to form a belief as to the allegations continued in paragraph 5 and therefore said allegations are denied.

6. Lone Star admits that the Court has jurisdiction over Lone Star but denies any allegations of infringement or jurisdiction derived therefrom.

7. Lone Star admits venue is proper in this district but denies it has committed acts of infringement or that venue is proper solely on that basis.

8. Lone Star incorporates its answers to paragraphs 1 through 7.

9. Upon information and belief, paragraph 9 is admitted.

10. Lone Star is without sufficient knowledge or information to form a belief as to the allegations in paragraph 10 & 11 and therefore said allegations are denied.

11. Paragraph 12 is admitted.

12. Lone Star is without sufficient knowledge or information to form belief as to the final validity, enforceability or compliance of the Patent and therefore the allegations in paragraph 13 are denied.

13. Lone Star is without sufficient knowledge or information to form a belief as to the allegations continued in paragraph 14 and therefore said allegations are denied.

14. Paragraph 15 is denied.

15. Paragraph 16 is admitted.

16. Lone Star is without sufficient knowledge of information to form a belief as to the allegations continued in paragraph 17 and therefore said allegations are denied.

17. Paragraph 18 is denied.

18. Lone Star is without sufficient knowledge of information to forma belief as to the allegations continued in paragraphs 19 & 20 and accordingly said allegations are denied.

19. Paragraph 21 is denied.

20. Paragraph 20 is admitted without waiving any objection to whether the alleged claims are submissible to a jury.

AFFIRMATIVE DEFENSES

21. By reason of the fact that the validity and ownership of the Patent and license have been repeatedly challenged and the Patent has since lapsed and Acacia, not Financial Systems claimed ownership of the rights and damages, Lone Star asserts the following affirmative either defenses bar or limit Financial Systems' legal or monetary claims and warrant of the dismissal of the counter-claims.

a. The claims of the '592 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq including without limitation §§ 101, 102, 103, and 112.

b. Lone Star did not directly infringe any valid and enforceable claim of the '592 patent.

c. Lone Star did not contribute toward nor induce any infringement of the claimed '592 Patent.

d. Lone Star did not willingly infringe any valid and enforceable claim of the '592 Patent.

e. Financial Systems' claims may be barred in whole or

party by the doctrines of waiver, laches and/or estoppel including but limited to prosecution history estoppel.

f. Financial Systems' claim may be barred in whole or part by res judicata and/or collateral estoppel.

g. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not endure or contribute to infringement of claims of this '592 Patent.

h. Financial Systems' alleged damages are barred in whole or part because it or its predecessors and/or then licensees have not satisfied the requirements for obtaining damages under 35 U.S.C. § 287.

i. Financial Systems' claims are barred in whole or part by the applicable limitations period.

j. Financial Systems' claims are barred to the extent they have engaged in patent misuse.

k. Financial Systems' claims are barred or limited by the misrepresentation as to the owner of the patent and/or license and their legal status.

WHEREFORE Lone Star Steakhouse & Saloon, Inc. prays for judgment dismissing the counterclaim declaring that the '592 Patent is not valid or construing it to its narrowed description or finding Lone Star has not infringed any valid or enforceable claim of the '592 patent or if infringement occurred, it was not willful and that thus is an exceptional case under 35 U.S.C. § 285, award Lone Star

its reasonable attorney's fees and costs and such additional relief to which it may show itself entitled.

Gary W. Davis (KBA #1194, OBA #2204)
Phillip L. Free, Jr. (OBA #15765)
David M. Sullivan (OBA #18851)
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 fax
FREEPHIL@crowedunlevy.com

Martin W. Bauer (#08629)
MARTIN PRINGLE OLIVER WALLACE & BAUER
100 North Broadway, Suite 500
Wichita, KS 67202
(316) 265-9311
(316) 265-2955 fax
mwbauer@martinpringle.com

s/ Martin W. Bauer
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on November 9, 2009.

/s/ Martin W. Bauer
Martin W. Bauer